# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# LUFKIN DIVISION

| | | |
|---|---|---|
| ROGER LAVOY DODD | § | |
| VS. | § | CIVIL ACTION NO. 9:18cv121 |
| DIRECTOR, TDCJ-CID | § | |

## MEMORANDUM ORDER REGARDING TRANSFER

Petitioner Roger Lavoy Dodd, an inmate confined at the Polunsky Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## Discussion

On April 7, 2003, in the 263rd District Court for Harris County, Texas, petitioner was convicted of failing to comply with sex offender registration offender requirements and sentenced to a term of twenty-five years' confinement in the Texas Department of Criminal Justice, Correctional Institutions Division. Petitioner brings this petition contesting his conviction and sentence asserting that the indictment was void, he was denied a fair trial, and the conviction is not a final conviction because he was not properly admonished and the judge did not pronounce the sentence.

Pursuant to 28 U.S.C. § 2241(d), a petitioner may bring his petition for writ of habeas corpus in the district court for the district wherein such person is in custody or in the district court for the district within which he was convicted. Section 2241(d) further provides that the district court in the exercise of its discretion may transfer the action to the other district in the furtherance of justice.

Petitioner is currently confined at the Polunsky in Livingston, Texas. However, petitioner was convicted and sentenced in Harris County, Texas. Pursuant to 28 U.S.C § 124, Harris County is in the Houston Division of the Southern District of Texas.

While jurisdiction is proper in the Eastern District of Texas because the prisoner is confined within the district court's territorial boundaries, the court has considered the circumstances and has determined that the interest of justice would best be served if this petition were transferred to the division in which the petitioner was convicted.

Under 28 U.S.C. § 1404(a), for the convenience of parties and witnesses and in the interest of justice, a district court may transfer any civil action to any other district or division where it could have been brought. Such a transfer may be done *sua sponte* and is reviewable only for an abuse of discretion. *Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989).

Since petitioner complains of a conviction which occurred in the Houston Division of the Southern District of Texas and all records and witnesses involving this action may be located in the Southern District, the transfer of this action to such division would further justice. Therefore, it is the opinion of the undersigned that this petition should be transferred to the United States District Court for the Southern District of Texas, Houston Division. An Order of Transfer so providing shall be entered in accordance with this Memorandum Order.

SIGNED this 8th day of August, 2018.

_____
Zack Hawthorn
United States Magistrate Judge